UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

COURTLAND BULLARD, Individually and
for Others Similarly Situated,

    Plaintiff,

v.                                        CASE NO:   5:20-cv-257-JSM-PRL

ALLIED STAFF AUGMENTATION
PARTNERS, INC.,

    Defendant.
_____/

**ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members (Dkt. 34), Defendant's Response in Opposition (Dkt. 39), and Plaintiff's Reply (Dkt. 44). The Court, having reviewed the motion, response, reply, record evidence, and being otherwise advised in the premises, concludes that Plaintiff's motion should be denied because Plaintiff has not established the "similarly situated" requirement.

**BACKGROUND**

Pursuant to the Federal and Local Rules of Civil Procedure and 29 U.S.C. § 216(b), Plaintiff Courtland Bullard, individually, and on behalf of all others similarly situated, is requesting entry of an Order permitting, under court supervision, notice to:

> **All employees of Allied Staff Augmentation Partners, Inc. (ASAP) who were paid the same hourly rate for all hours worked, including those in excess of 40 hours in a workweek, or "straight time for overtime," at any time during the past 3 years (Straight Time Employees).**

Essentially, Plaintiff seeks to facilitate notice to the Straight Time Employees who were not paid proper overtime compensation because ASAP paid them straight time for all hours they worked each week, including those in excess of forty hours in a single workweek.

To facilitate notice, Bullard requests the Court also (1) approve his proposed Notice and Consent forms, *see* Ex. 7, as well as his proposed email, text, and phone scripts, *see* Ex. 8; (2) authorize his proposed notice methods, *see* Ex. 9; (3) order ASAP to produce each Straight Time Employee's contact information; and (4) authorize a 60-day opt-in period.

The relevant facts now follow.  ASAP is a national staffing agency located in Charlotte, North Carolina.  ASAP provides clients with skilled contract labor.  In order to complete its business objectives of providing workers to its clients, including Duke Energy, Progress Energy, and The Guidant Group, ASAP employs workers in the energy and engineering industries, including Plaintiff Bullard, and pays them straight time for overtime.  During the relevant time, ASAP employed approximately 350 highly skilled employees.  These employees worked in more than 100 job

classifications/titles in at least eight different states.

Plaintiff contends that ASAP maintained a common practice and policy applicable to Bullard and all its employees to the extent that it paid them straight time for overtime in violation of the FLSA's overtime requirements. Plaintiff underscores that ASAP employed Bullard and the Straight Time Employees on an hourly basis, which is reflected in their payroll records. (Dkt. 34 at Ex. 1 at ¶¶ 5-6, 10-11; Ex. 2 at ¶¶ 5-6, 10-11; Ex. 3 at ¶¶ 5-6, 10-11; Ex. 4 at ¶¶ 5-6, 10-11 Ex. 5 at ¶¶ 5-6, 10-11); *see also* Ex. 6 (Plaintiff Bullard's wage statement demonstrating ASAP paid him straight time for overtime and noting his "Pay/Hour" is $77.25).

ASAP opposes Plaintiff's request to conditionally certify this action. ASAP argues, in relevant part, that Bullard and the Straight Time Employees are not similarly situated because the only factor they share—receiving straight time for all hours worked in a workweek—is too broad. The Court agrees.

## **FLSA CERTIFICATION STANDARD**

An action to recover unpaid wages may be brought, according to the FLSA, "against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The purpose of these collective actions is "to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer."

*Prickett v. Dekalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003). The decision to conditionally certify a collective FLSA action lies within the sound discretion of the district court. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001).

District courts in the Eleventh Circuit use a two-tiered approach to FLSA collective-action certification:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial . . .

*Id.* at 1218 (quoting *Mooney v. Armco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995)).

At the notice stage, a plaintiff must provide a "reasonable basis" that there are similarly situated employees who desire to opt into the lawsuit. *Morgan v. Family Dollar Store, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008); *see Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 2008). This is a lenient standard. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). But it is a standard nonetheless, one in which a plaintiff meets by a showing of: (1) a desire to opt in, from (2) similarly situated employees.

*Id.* When determining whether the standard is met, courts may consider affidavits of other employees, notices of consent to join the lawsuit, or expert evidence. *See id.* at 1097; *Hart v. JP Morgan Chase Bank, N.A.*, No. 8:12-cv-00470-T-27TBM, 2012 WL 6196035, at *4 (M.D. Fla. Dec. 12, 2012). The unsupported assertions of plaintiff or counsel, however, will not suffice. *Id. See also Morgan*, 551 F.3d at 1261.

## DISCUSSION

As this Court has stated previously, the standard is lenient at the notice stage, but the similarly situated requirement is not interpreted so broadly to render the standard "meaningless." *White v. SLM Staffing LLC*, No. 8:16-CV-2057-T-30TBM, 2016 WL 4382777, at *2 (M.D. Fla. Aug. 17, 2016). Plaintiff seeks a nationwide class of straight time employees, without any additional limitation like location, position/job title, customer/client, job responsibilities, or supervisor/management. Plaintiff also relies on authority from this Court on the similarly situated factor that is not persuasive because the facts were distinguishable.

For example, Plaintiff cites to this Court's most recent Order certifying a collective action in *McGuire v. Intelident Solutions, LLC*, 385 F. Supp. 3d 1261, 1264 (M.D. Fla. 2019). But, in *McGuire*, the plaintiff alleged that she and other Office Managers ("OM") were owed unpaid overtime wages. The plaintiff further alleged the defendants willfully misclassified OMs as exempt employees under the FLSA and failed to keep accurate time records. Thus, the parties were similarly situated because they were all OMs and they

were all classified as exempt based on their *job title*.

Plaintiff also cites to this Court's Order in *Isaacs v. One Touch Direct, LLC*, No. 8:14-CV-1716-T-30, 2015 WL 248658, at *1 (M.D. Fla. Jan. 20, 2015). In *One Touch*, the collective action was limited to Telephone Service Representatives ("TSRs"). So this case is not persuasive.

It is undisputed that Plaintiff paints with too broad a brush–he does not narrow his notice in any fashion other than to include employees who were paid "straight time" for all hours worked, including any hours worked over forty in a workweek. The Court will not cast such a wide net. If the Court were to do so, the notice would go to any ASAP employee who was paid straight time, regardless of his or her position/job title, location, classification (as exempt or non-exempt), client/customer, supervisor, job duties, etc., on a nationwide basis.

Though the Eleventh Circuit has not precisely defined "similarly situated," it has directed courts to focus primarily on job requirements and pay provisions. *Dybach*, 942 F.2d at 1567-68. Plaintiff cites numerous cases from outside this jurisdiction to support his argument that an alleged common policy of paying "straight time for overtime" is sufficient to meet the "similarly situated" standard for conditionally certifying a nationwide class of hundreds of employees. (Dkt. 34 at 20-21). These cases are unpersuasive. If the Court were to entertain such a broad interpretation of similarly situated, the Court would come close to certifying a collective action any time a plaintiff claimed widespread

violations of the FLSA. *See Carruthers v. Keiser Sch., Inc.*, No. 8:09-CV-2641-T-33TGW, 2010 WL 5055876, at *2 (M.D. Fla. Dec. 3, 2010) (noting same). Simply put, Plaintiff has not established the similarly situated requirement.

Accordingly, it is hereby **ORDERED and ADJUDGED** that:

1. Plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members (Dkt. 34) is denied.

**DONE** and **ORDERED** in Tampa, Florida, this March 5, 2021.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record